IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

HOWARD ANTHONY PERKO, an individual,

Plaintiff,

vs.

KEVIN KAUFMANN, an individual and PIER TECH, LLC, a Missouri limited liability company,

Defendants.

## COMPLAINT

Howard Anthony Perko, by and through his undersigned counsel, hereby submit this Complaint.

### JURISDICTION AND VENUE

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*

2. Subject matter jurisdiction is conferred by 17 U.S.C. § 501, 28 U.S.C. § 1331, and § 1338.

3. Personal jurisdiction is proper in that a substantial portion of the events giving rise to this claim occurred in this district, including acts of infringement. Defendants have also transacted business in Colorado on a regular basis independent of the acts of infringement alleged herein.

4. Venue is proper in this district under 28 U.S.C. § 1391 and § 1400.

## PARTIES

5. Howard Anthony Perko ("Perko") is a United States citizen who resides at 6955 Milner Mountain Ranch Road, Fort Collins, Colorado 80526.

6. Kevin Kaufmann ("Defendant Kaufmann") is a United States citizen who resides at #5 Country Life, Defiance, Missouri 63341.

7. Defendant Pier Tech, LLC ("Pier Tech") is a Missouri limited liability company whose address is PO Box 326 New Melle, Missouri 63341.

## COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101, *et seq.*)

8. As early as 2000, Perko created a copyrightable engineering handbook entitled Helix Pier Engineering Handbook (the "Handbook").

9. The Handbook is attached hereto as Exhibit 1 and made a part hereof.

10. The Handbook is an original work of authorship fixed in a tangible medium of expression.

11. Copyright subsists and has subsisted in the Handbook since the moment of creation by virtue of and under the copyright law of the United States.

12. Perko owns all right, title and interest in and to the Handbook, including the copyright therefore (the "Handbook Copyright").

13. The Handbook is the subject of United States Copyright Office registration TXu 1-800-405 effective May 6, 2012, a copy of which is shown in Exhibit 2 attached hereto and made a part hereof.

14. The Handbook was created and made publicly available at least as early as 2000, prior to creation of the Pier Tech material referred to below.

15. Prior to founding Pier Tech in January of 2001, Defendant Kaufman was a salesman for Perko's company, Precision Pier USA. At least as early as 2000 Defendant Kaufman had access to the Handbook.

16. Defendant Kaufman and Defendant Pier Tech (collectively "Defendants") obtained copies of all or portions of the Handbook.

17. Perko did not give either Defendant permission to copy, create derivative works of, publicly display, publicly distribute, or otherwise exercise any of the exclusive rights of a copyright owner with respect to the Handbook.

18. Nevertheless, Defendants made copies of, created derivatives works of, publicly displayed, and publicly distributed the Handbook. Defendants, again without permission, also authorized others to do the same.

19. There is no agreement, written or otherwise, between Perko and the Defendants concerning permission to use or exercise in any way Perko's exclusive rights in the Handbook.

20. Defendants reproduced, and/or created derivative works of the Handbook. Representative copies of such Pier Tech items are shown in <u>Exhibit 3</u> attached hereto and made a part hereof ("Pier Tech Material").

21. Defendants' acts complained of herein infringe Perko's copyright in Handbook in violation of 17 U.S.C. § 106.

22. Perko has been damaged by the aforesaid infringing acts.

23. Defendants' infringing acts have caused harm to Perko and unless such acts are permanently enjoined defendants will continue to cause irreparable harm to him.

WHEREFORE, Perko requests the Court to grant the following relief:

(1) That Defendants and their agents, servants, employees, licensees, affiliates, and those persons in active concert or participation with them, be permanently enjoined and restrained from infringing Perko's copyright in the Handbook in any manner;

(2) That Defendants and their agents, servants, employees, licensees, affiliates, and those persons in active concert or participation with them, be ordered to deliver up for destruction all infringing materials in the possession, custody or control of the Defendants and their agents, servants, employees, affiliates, customers, licensees, and to completely erase all or any portion of the infringing material in digital or electronic form that may have been created, placed on any storage device or otherwise, including all backup copies thereof;

(3) That Defendants and their agents, servants, employees, licensees, affiliates, and those persons in active concert or participation with them, be ordered to file, within thirty (30) days from the issuance date of an injunction, a sworn report setting forth in detail the manner in which each of them has complied with the injunction.

(4) That Defendants and their agents, servants, employees, licensees, affiliates, and those persons in active concert or participation with them, be ordered to contact their affiliates, customers, and licensees in writing within thirty (30) days from the issuance date of an injunction and inform them about the injunction as well as ordered to instruct them to immediately discontinue using and to destroy all infringing material;

(5) That an accounting and judgment be rendered against Defendants for:

(a) Their total gains, profits, and advantages from the reproduction, production, adaptation, creation of derivative works, public distribution, and public

display of the infringing material, in an amount to be determined which, at present, Perko cannot fully ascertain;

(b) All damages suffered by Perko as a result of Defendants' acts complained of herein in an amount to be determined which, at present, Perko cannot fully ascertain;

(c) Alternatively, statutory damages;

(6) That Perko be awarded his costs in this action, including expert witness fees, reasonable attorneys' fees and pre-judgment and post-judgment interest pursuant to applicable statute(s) or rule(s); and

(7) That Perko have such other and further relief as the Court deems just and proper.

Dated: August 21, 2012

Respectfully submitted,

**ROBINSON WATERS & O'DORISIO, P.C.**

/s/ *Harold R. Bruno, III (signature on file)*
Harold R. Bruno, III, #14945
1099 18th Street, Suite 2600
Denver, CO  80202-1926
Phone Number:  303-297-2600
FAX Number:   303-297-2750
E-mail:  hbruno@rwolaw.com

*Attorney for Howard Perko*

Plaintiff's Address:
6955 Milner Mountain Ranch Road
Fort Collins, CO  80526